UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00610-FDW
(3:02-cr-00193-GCM-4)

| | |
|---|---|
| MARCUS JERMAINE SCOTT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon the Government's Motion to Dismiss (Doc. No. 6) Petitioner Marcus Jermaine Scott's pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1). Petitioner is a federal prisoner incarcerated at FCI Gilmer in West Virginia, see Bureau of Prisons ("BOP") Inmate Locater at https://www.bop.gov/inmateloc/; he was confined at the same location when he filed the instant habeas petition. Petitioner contends that his 1989 North Carolina felony drug conviction for Sale of Cocaine should not have been used to increase the statutory minimum penalty for his federal drug conviction under 18 U.S.C. § 841(a)(1), (b)(1)(A), and § 851. The Government moves to dismiss the Petition for lack of jurisdiction.

**I.     BACKGROUND**

A federal grand jury in Charlotte, North Carolina, indicted Petitioner on one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and § 846. See Indict., United States v. Scott, No. 3:02-cr-00193-GCM-4 (W.D.N.C. filed Aug. 5, 2002), Docket Entry

("D.E.") 3.[1]  The United States Attorney filed an Information pursuant to 21 U.S.C. § 851 setting forth Petitioner's prior North Carolina felony drug conviction for Sale of Cocaine.  See § 851 Info., id. at D.E. 4.  On July 2, 2003, Petitioner entered a straight up guilty plea to the conspiracy charge.

The probation office prepared a Presentence Investigation Report ("PSR"), which found that Petitioner was responsible for at least 1.5 kilograms of cocaine base; that his total offense level was 35; that his criminal history category was VI; that due to the § 851 Notice, the statutory range of punishment was 20 years to life in prison; and that the U.S. Sentencing Guidelines range for imprisonment was 292 to 365 months imprisonment.  See July 31, 2009 Suppl. to PSR, id. at D.E. 220.  At sentencing this Court departed downward from the Sentencing Guidelines and sentenced Petitioner to the statutory minimum of 240 months in prison.  See J., id. at D.E. 71.  Judgment was entered on May 25, 2004.  See id.

Petitioner did not appeal and has not filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  He filed the instant § 2241 Petition on November 13, 2018 (Doc. No. 1), and the Government moves to dismiss for lack of personal jurisdiction, see Doc. No. 6.  By written Order (Doc. No. 9), the Court notified Petitioner of his right to respond to the Government's Motion, and Petitioner has filed a Response (Doc. No. 10) in opposition to the Motion to Dismiss.

**II.    DISCUSSION**

The Government contends the Petition must be dismissed because this Court lacks personal jurisdiction of Petitioner's custodian.  See Mot. to Dismiss (Doc. No. 6) at 2.  "The

---

[1] Unless otherwise indicated, documents in Petitioner's underlying criminal case are cited by docket entry ("D.E."), while documents in Petitioner's habeas action are cited by docket number.

proper respondent to a habeas corpus petition is the person who has custody over the petitioner, namely, the person with the ability to produce the petitioner before the habeas court. Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing 28 U.S.C. §§ 2242, 2243; Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004)). "When a petitioner is physically detained, the custodian generally is the warden of the facility where the petitioner is confined." Id. (citing Padilla, 542 U.S. at 435). "A habeas petitioner who is physically confined must name this 'immediate custodian' as the habeas respondent[ ] and must file the habeas petition in the 'district of confinement.'" Id. (quoting Padilla, 542 U.S. at 446–47). "In that circumstance, the 'district of confinement' necessarily is the location of both the habeas petitioner and the immediate custodian." Id.

Because he is confined in Gilmer, West Virginia, Petitioner was required to file his § 2241 in the Northern District of West Virginia and to name the warden of FCI Gilmore as the respondent. Accordingly, the Government's Motion to Dismiss shall be granted but without prejudice to Petitioner's ability to file his § 2241 in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss (Doc. No. 6) is **GRANTED**;

2. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED** without prejudice to Petitioner's ability to file it in the district of his confinement; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: March 14, 2020

Frank D. Whitney
Chief United States District Judge